# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TARRANCE P. DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-928-GBW |
| ) | |
| OFFICER CANCILA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

At Wilmington, on this 28th day of January 2026, having reviewed and considered Defendants' motion to dismiss (D.I. 28) and opening brief in support thereof (D.I. 29);

WHEREAS, *pro se* Plaintiff Dunn proceeds *in forma pauperis* (*see* D.I. 6);

WHEREAS, Defendants Cancila, Cannon, Fleming, Fossett, Gear Heart, Ledesma, Merced, and Verna moved to dismiss the Complaint (D.I. 2) on August 5, 2025 (*see* D.I. 28);

WHEREAS, Plaintiff failed to timely respond to Defendants' motion to dismiss (D.I. 28) as required by the Local Rules;

WHEREAS, Plaintiff's response deadline was extended twice by Court Order (*see* D.I. 33; D.I. 35) and, both times, Plaintiff still failed to respond;

WHEREAS, thereafter, the Court ordered Plaintiff to show cause, on or before January 14, 2026, why the complaint should not be dismissed (D.I. 36);

WHEREAS, Plaintiff failed to respond to the Show Cause Order;

WHEREAS, Plaintiff has taken no action in this case in the last ninety (90) days;

WHEREAS, pursuant to Federal Rule of Civil Procedure 41(b), the Court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order";

WHEREAS, the Court considers six factors when determining whether case dismissal under these circumstances is appropriate: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense," *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); and

WHEREAS, after consideration, the Court finds dismissal appropriate under the circumstances, given Plaintiff's history of dilatoriness and personal responsibility for such, the prejudice to Defendants caused by the now stalled case,

Plaintiff's lack of response to, what appear to be, compelling arguments for dismissal in Defendants' favor (*see* D.I. 29), and the dearth of effective, alternative sanctions that the Court can impose on a *pro se* plaintiff proceeding *in forma pauperis*;

WHEREFORE, IT IS HEREBY ORDERED that the Complaint (D.I. 2) is **DISMISSED** without prejudice;

IT IS FURTHER ORDERED that Defendants' motion to dismiss (D.I. 28) is **GRANTED** as unopposed for failure to respond; and

IT IS FINALLY ORDERED that the Clerk of Court is directed to **CLOSE** this case.

_____
Gregory B. Williams
United States District Judge